## J. F. O'Brien, trading as J. F. O'Brien & Company, Plaintiff in Error, v. H. L. Newhouse, Defendant in Error.

### Gen. No. 20,631.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. HARRY C. MORAN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1914. Affirmed. Opinion filed December 21, 1915.

### Statement of the Case.

Action by J. F. O'Brien, trading as J. F. O'Brien & Company, plaintiff, against H. L. Newhouse, defendant, in the Municipal Court of Chicago, to recover the amount of broker's commissions for negotiating leases of defendant's property. Defendant, in addition to an affidavit of merits, filed set-off. The court found the issues against plaintiff and for defendant on his set-off and assessed defendant's damages on his set-off at eight dollars.

The controverted questions arise as to two leases, known as the "Daube" and "Berger" leases. The only evidence as to the Daube lease was the testimony of plaintiff and defendant, plaintiff claiming and defendant denying that plaintiff procured such lease. As to the Berger lease it appeared that plaintiff negotiated with Berger to induce him to take a lease of defendant's store, but Berger declined, whereupon plaintiff abandoned further negotiations with Berger after noti-

fying defendant of such negotiations. It further appeared that several weeks later another broker began negotiations with Berger in regard to a lease of the same store, as a result of which Berger changed his mind and took the lease, on terms which were different from those proposed by plaintiff, but it did not appear whether the new terms were more or less favorable to Berger. It did not appear that plaintiff had anything to do with Berger's change of mind. The cause was tried by the court, which found the issues against plaintiff and in favor of defendant on his set-off, and assessed defendant's damages at eight dollars. To reverse a judgment for defendant for eight dollars, plaintiff prosecutes this writ of error.

P. H. BISHOP, for plaintiff in error.

ADLER & LEDERER, for defendant in error.

MR. JUSTICE McGOORTY delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 93*—*when question whether broker procuring cause of renting premises for jury.* In an action to recover a broker's commission for negotiating the rental of property, the question whether plaintiff's services was the procuring cause and the effective means of bringing about such renting of the property is a question of fact for the jury on all the evidence.

2. BROKERS, § 51*—*what is effect on right to compensation of other broker being procuring cause of obtaining tenant.* The fact that plaintiff, a broker, had formerly negotiated with a person in regard to such person's taking a lease of defendant's store does not warrant a claim for a commission by plaintiff for bringing about such lease, where it appears that such person was finally induced to take such lease through the efforts of another broker after plaintiff had for some time abandoned negotiations with such lessee in regard to his taking the lease.

3. BROKERS, § 37*—*when broker not procuring cause of lease.* Where a broker negotiates with a person to induce him to take a lease, which such person then refuses to do, upon which plaintiff abandons further negotiation with such person in regard to his tak-

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

ing such lease, such broker cannot be said to be the procuring cause of making the lease, so as to entitle him to recover a commission therefor, where such person later changes his mind and takes the lease, in the absence of evidence that plaintiff induced such person to change his mind with reference to taking such lease.

4. BROKERS, § 90*—*when evidence sufficient to sustain finding that broker not procuring cause of lease.* In an action to recover a broker's commission for procuring a lease of defendant's property, where plaintiff, a broker, negotiated in regard to such lease with a person who at first refused, and who, after plaintiff had abandoned such negotiations, changed his mind and took the lease, a finding that plaintiff did not procure or induce such person to take the lease *held* not manifestly against the weight of the evidence.

5. BROKERS, § 72*—*when judgment properly entered on set-off in action for commissions.* In an action to recover a broker's commission for procuring a lease of defendant's property, where defendant filed set-off, and the action was tried by the court, judgment for defendant on his set-off *held* not erroneous as ignoring the issues joined on plaintiff's claim, where it appears that the trial court after hearing the issues raised both on plaintiff's claim and defendant's set-off, and overruling plaintiff's motion for a finding in his favor, and finding that plaintiff was indebted to defendant entered the judgment complained of, for the reason that such action of the trial court was proper under section 47 of the Practice Act (J. & A. ¶ 8584), providing that where it appears on the trial of an action that plaintiff is indebted to defendant, the jury shall find for defendant and shall certify to the court the amount so found, which shall enter judgment for defendant, and further, that where the cause is tried by the court, the finding in judgment shall be in like manner.